UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

**DANIEL FERRO,**

    **Plaintiff,**

v.

**EXPRESS RECOVERY SERVICES, INC.,
d/b/a CLEAR MANAGEMENT SOLUTIONS,
INC. and UNIVERSITY of UTAH HEALTH,**

    **Defendants.**
_____/

## PLAINTIFF'S COMPLAINT WITH JURY DEMAND

1. Plaintiff, DANIEL FERRO ("Mr. Ferro" or "Plaintiff) by and through the undersigned counsel brings this action against Defendant EXPRESS RECOVERY SERVICES, INC., d/b/a CLEAR MANAGEMENT SOLUTIONS, INC., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA").

2. Plaintiff also files this action against Defendant UNIVERSITY of UTAH HEALTH for violations of the Florida Consumer Collection Practices Act § 559.72 *et seq*. (hereinafter "FCCPA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

4. Supplemental jurisdiction exists for Plaintiff's FCCPA claim pursuant to 28 U.S.C. § 1367.

5. Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Palm Beach County, Florida.

## PARTIES

6. Plaintiff is a natural person who, at all times relevant to this action, is and was a resident of Palm Beach County, Florida.

7. Plaintiff, who, as more fully described herein, is allegedly obligated to pay a debt and is therefore a consumer within the meaning of 15 U.S.C. § 1692a(3).

8. Defendant, EXPRESS RECOVERY SERVICES, INC., d/b/a CLEAR MANAGEMENT SOLUTIONS, INC. (hereinafter "Clear Management") is a Utah Corporation conducting business in the state of Florida and also maintains a registered agent through Cogency Global at 115 North Calhoun St., Suite 4, Tallahassee, FL 32301.

9. Clear Management uses the mail and telephone in a business the principal purpose of which is the collection of debts. CLEAR MANAGEMENT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10. At all times material hereto, Clear Management regularly collects or attempts to collect debts for other parties and is a "debt collector" as defined under 15 U.S.C. 1692a(6).

11. Defendant, UNIVERSITY of UTAH HEALTH (hereinafter "Utah Health") is conducts business as a hospital and health care provider in Salt Lake County, Utah.

12. Utah Health's voluntary contact with Mr. Ferro in connection with the collection of consumer debts not owed in Florida, made it foreseeable that Utah Health would be haled into a Florida Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

## LEGAL BACKGROUND

## FLORIDA WORKERS' COMPENSATION LAW

13. The Florida legislature enacted its workers' compensation law "to assure the quick and efficient delivery of disability and medical benefits to an injured worker . . . at a reasonable cost to the employer." *Fla. Stat.* § 440.015.

14. In order to achieve this objective, the statute "makes the employer and insurance carrier legally responsible for paying medical bills, while the employee is insulated from liability." *Sun Bank/S. Florida, N.A. v. Baker*, 632 So. 2d 669, 671 (Fla. 4th DCA 1994).

15. Thus, "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter." *Fla. Stat.* § 440.13(14)(a); *see also Fla. Stat.* § 440.13(3)(g) ("The employee is not liable for payment for medical treatment or services provided pursuant to this section."); Staff of Fla. S. Comm. on Commerce, PCS/SB 821, Staff Analysis 2 (April 24, 1987) ("[T]he injured employee is not responsible for paying for authorized medical treatment and services.")

16. "*Such providers have recourse against the employer or carrier for payment of services rendered in accordance within this chapter.* In accord with these statutes, claimant is shielded from liability in any dispute between the E/C and health care provider regarding reimbursement for claimant's authorized medical or psychological treatment." *See Avalon Center v. Hardaway*, 967 So.2d 268, 274 (Fla. 1st DCA 2007) (emphasis supplied).

17. Under Fla. Stat. §440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require." *Ascension Benefits v. Robinson*, 232 So. 3d 1178, 1180 (Fla. 1st DCA 2017).

### The FDCPA

18.     The FDCPA provides, in relevant part: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt … 15 U.S.C. § 1692e.

19.     A consumer has a right under the FDCPA to receive information from a debt collector that is not "false, deceptive, or misleading." *Pralle v. Cooling & Winter, LLC*, No. 2: 16-cv 865-FtM-99CM (M.D. Fla. May 2, 2017).

20.     The FDCPA defines the term "consumer" as "any natural person obligated or <u>allegedly obligated</u> to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added).

21.     The FDCPA defines the term "debt" as "any obligation or <u>alleged obligation</u> of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added).

22.     The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due <u>or asserted to be owed or due another</u>." 15 U.S.C. § 1692a(6) (emphasis added).

23. The FDCPA is essentially a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *See Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006).

24. For the purposes of the claims brought in this action, the applicable standard under the FDCPA in the Eleventh Circuit is "the least sophisticated" consumer test. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the test enunciated in Exposition Press Inc. v. *FTC*, 295 F.2d 869 (2d Cir. 1961)).

25. The principles underlying the FDCPA must be implemented for "the public— that vast multitude which includes the ignorant, the unthinking and the credulous." *Jeter*, 760 F.2d at 1172-73 (internal citations omitted). The "fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. at 1173 (internal citations omitted).

### **The FCCPA**

26. The FCCPA creates a private right of action under Fla. Stat. § 559.77.

27. The FCCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." Fla. Stat. § 559.55(8).

28. The FCCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 559.55(6).

29. Consumer protection statutes are remedial in nature and should be liberally construed in favor of the public. *See Samara Dev. Corp. v. Marlow*, 556 So. 2d 1097, 1100 (Fla. 1990).

30. The FCCPA's goal is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (citing Fla. Stat. § 559.552).

31. The FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debt. Fla. Stat. § 559.72. This language includes all unlawful attempts at collecting consumer debts by creditors and debt collectors alike. *See Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976).

32. Additionally, the FCCPA provides that no person shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

## FACTUAL ALLEGATIONS

33. The factual allegations of this Complaint stem from CLEAR MANAGEMENT's attempt to collect medical bills, on behalf of Utah Health, that are the legal responsibility of Mr. Ferro's employer and the insurance carrier.

34. The alleged debt at issue was incurred for personal, family, or household purposes. Specifically, the alleged debt was for previous medical care received by Plaintiff after he was injured while working for his employer, Group Voyagers, Inc. (hereinafter "Employer.")

35. On July 26, 2019, Mr. Ferro was injured while working as a tour director in Salt Lake City, UT for his Employer when his tour bus was cut off by another vehicle. The bus driver slammed on the brakes causing Mr. Ferro to hit the windshield and dashboard resulting in multiple injuries. *See Daniel Ferro v. Group Voyagers, Inc.*, OJCC Case No. 19 025334GJJ (OJCC West Palm Beach, Sept. 16, 2020).

36. As a result, Mr. Ferro was taken to Utah Health hospital to be treated for his injuries.

37. Mr. Ferro eventually returned home to Florida where he retained an attorney to represent him in connection with those same injuries.

38. At a time better known to Utah Health, Mr. Ferro began receiving bills claiming he owed $337.94 for the treatment he received on July 26, 2019.

39. On January 7, 2020, Utah Health sent Mr. Ferro a "Final Notice," which read in relevant part.

01/07/20

Dear Daniel Silva Ferro,

### FINAL NOTICE

Your University of Utah Health (U of U Health) account(s) listed on the back of this letter remains unpaid. Within 30 days of the date of this letter, please contact our office to make acceptable payment arrangements, pay your account(s) in full or submit an Application for Financial Assistance.

40. The referenced accounts appeared as follows on the back of the "Final Notice"

| Account ID | Admit Date | Disch Date | Acct Balance |
|---|---|---|---|
| ▉ | 07/26/2019 | 07/26/2019 | 307.44 |
| | 07/26/2019 | 07/26/2019 | 11.13 |
| | 07/26/2019 | 07/26/2019 | 19.37 |

41. A redacted copy of the January 7, 2020 "Final Notice" is attached hereto as *Exhibit "A."*

42. After receiving this Final Notice, Mr. Ferro became increasingly concerned that this account would end up on his credit report and hurt his credit score, so he notified his attorneys representing him on his worker's compensation claim about this concern.

43. On or about January 21, 2019, Mr. Ferro's attorney, Brian P. Vassallo, Esq. sent a letter to insurance carrier for the Employer, as well as Utah Health to begin addressing the concern. A redacted copy of each letter is attached hereto as *Exhibit "B."*

44. The letter to Utah Health directed them to submit specific forms to the insurance carrier and further provided the carrier's address. *See Exhibit "B."*

45. On or about September 14, 2020, Clear Management sent a notice to Mr. Ferro on behalf of Utah Health stating the amount he now owed was $244.36. A true and correct copy of the September 14, 2020 notice is attached hereto as part of *Exhibit "C."*

46. On September 30, 2020, Mr. Ferro's attorneys emailed counsel for the Employer that "he is still getting bills from collection agencies for the Utah hospital bill . . . Claimant is concerned it will affect his credit." A redacted copy of the email is attached hereto as part of *Exhibit "D."*

47. On October 14, 2020, Mr. Ferro received another notice from Clear Management on behalf of Utah Health claiming the $244.36 was still due and owing and further stated:

> You have failed to respond to our previous requests for payment of the balance due on the accounts listed below. If we do not hear from you or receive payment in full, your account may be referred to a collection agency at which time your credit could be affected. Payment may be made by check, money-order, or credit card. Please give this matter your immediate attention.

48. A redacted copy of the October 14, 2020, notice is attached hereto as part of ***Exhibit "E."***

49. On November 12, 2020, Mr. Ferro received another notice from Clear Management on behalf of Utah Health stating, which included interest not previously charged on any previous notices. A redacted copy of the November 12, 2020 letter is attached hereto as part of ***Exhibit "E."***

50. Mr. Ferro is still being treated for the injuries he sustained in July of 2019 and remains concerned that his credit could be negatively impacted at any time, whether during his treatment or after it has concluded.

## COUNT I – VIOLATIONS OF 15 U.S.C. §1692e(2)(A) AGAINST CLEAR MANAGEMENT

51. Plaintiff incorporates paragraphs 1, 3, 5 – 10, 13 – 25, and 33 through 50 as if fully set forth herein.

52. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. *Johnson v. Midland Funding, LLC*, 823 F.3d 1334 (11th Cir. 2016).

53. Clear Management violated § 1692e(2)(A) of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's alleged consumer debt in the three notices it sent to Plaintiff. *See supra* ¶¶45 – 49.

54. Specifically, Clear Management continuously sought to collect amounts that are Plaintiff is not liable for under Florida Worker's Compensation statutes. *See* Fla. Stat. 440.13(3)(g).

55. Clear Management through its agents, representatives, and/or employees acting within the scope of their authority, has violated the FDCPA in that Clear Management has sought to collect debts that Plaintiff is not legally responsible for and has made a false representation of the legal status of the debt.

56. Clear Management's conduct is a violation of the FDCPA if it would be deceptive to the least-sophisticated consumer. *Id.*; *See also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (stating "[t]he fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced.")

57. The FDCPA is a strict liability statute and accordingly Clear Management's conduct need not have been intentional, Defendant's conduct violated the FDCPA regardless of its intentions. *See LeBlanc* at 1190.

58. Clear Management, through its agents, representatives, and/or employees acting within the scope of their authority, violated 15 U.S.C. §1692e(2)(a).

59. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

60. As a result of Defendant's violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant for:

a. Actual and Statutory damages pursuant to 15 U.S.C. § 1692k;

b. Attorneys' fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

### COUNT II – VIOLATION OF §1692e(10) AGAINST CLEAR MANAGEMENT

61. Plaintiff incorporates paragraphs 1, 3, 5 – 10, 13 – 25, and 33 through 60 as if fully set forth herein.

62. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. *Johnson v. Midland Funding, LLC*, 823 F.3d 1334 (11th Cir. 2016).

63. Clear Management has violated the FDCPA in that it has employed the use any false representation or deceptive means" in an attempt to collect a debt. 15 U.S.C. §1692e(10).

64. Specifically, Clear Management's November 12, 2020 notice to Plaintiff has sought to collect money composed of interest, not authorized by statute or contract, and by claiming such sums are due has made a false representation and used deceptive means to attempt to collect a debt.

65. Clear Management continuously sought to collect amounts that are Plaintiff is not liable for under Florida Worker's Compensation statutes. *See* Fla. Stat. 440.13(3)(g).

66. Clear Management's conduct is a violation of the FDCPA if it would be deceptive to the least-sophisticated consumer. *Id.*; *See also LeBlanc* at 1194.

67. Clear Management, through its agents, representatives, and/or employees acting within the scope of their authority, violated 15 U.S.C. §1692e(10).

68. 15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

69. As a result of Defendant's violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant for:

   a. Actual and Statutory damages pursuant to 15 U.S.C. § 1692k;

   b. Attorneys' fees, litigation expenses and costs of the instant suit; and

   c. Such other or further relief as the Court deems proper

### COUNT III - VIOLATION OF §559.72(5) AGAINST UTAH HEALTH FOR DISCLOSURES TO CLEAR MANAGEMENT

70. Plaintiff incorporates by reference paragraphs 2, 4 – 7, 11 – 17, and 26 – 50 as if fully set forth herein.

71. At all times relevant to this action, Utah Health is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

72. Utah Health violated Florida Statute § 559.72(5) by disclosing to a person other than the Plaintiff or his family information affecting Plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

73.     Specifically, Utah Health disclosed false information affecting Plaintiff's reputation to Clear Management: that Plaintiff owed money for medical bills to Utah Health even though such amounts are covered by Florida Worker's Compensation law.

74.     The disclosure of this false information from Utah Health to Clear Management occurred on at least three separate occasions. *See* **Exhibits "C" and "D."**

75.     "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages **and for additional statutory damages as the court may allow**, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s.559.72, the frequency and persistence of the non-compliance, and the extent to which the noncompliance was intentional." Fla. Stat. 559.77(2) (emphasis added).

76.     As a result of Utah Health's violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices, misrepresentation of an amount to a third party.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Utah Health for:

    a.   Actual, Statutory, and punitive damages pursuant to Fla. Stat. § 559.77;

    b.   attorneys' fees, litigation expenses and costs of the instant suit; and

    c.   such other or further relief as the Court deems proper.

### COUNT IV – VIOLATIONS OF FLA. STAT. §559.72(18) AGAINST UTAH HEALTH

78. Plaintiff incorporates by reference paragraphs 2, 4 – 7, 11 – 17, and 26 – 50 as if fully set forth herein.

79. At all times relevant to this action, Utah Health is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

80. The FCCPA defines communication as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Fla. Stat. § 559.55(2).

81. "Indeed, in accordance with the FCCPA's broad definition of "communication," this Court has interpreted the FCCPA to *permit* "on behalf of" liability. *See Kelliher v. Target Nat'l Bank*, 826 F. Supp. 2d 1324, 1329-30 (M.D. Fla. 2011) (denying the defendant's motion to dismiss the plaintiff's Section 559.72(18) claim where the plaintiff alleged that the defendant used a third party to send debt collection communications to the plaintiff despite knowing that the plaintiff was represented by counsel, because such actions constituted indirect communications)." *See Mangiaracina v. Orange Lake Country Club, Inc.*, Case No: 8:14-cv-1166-T-36MAP, at *7-8 (M.D. Fla. Feb. 18, 2015).

82. Utah Health violated Statute § 559.72(18) by indirectly communicating with Plaintiff through Clear Management after receiving notice that he was represented by an attorney for the injuries he sustained while working. ***See Exhibit "B."***

83. "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages **and for additional statutory damages as the court may allow**, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s.559.72, the

frequency and persistence of the non-compliance, and the extent to which the noncompliance was intentional." Fla. Stat. 559.77(2) (emphasis added).

84. As a result of Utah Health's violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant's illegal collection practices, misrepresentation of an amount to a third party.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Utah Health for:

a. Actual, Statutory, and punitive damages pursuant to Fla. Stat. § 559.77;

b. attorneys' fees, litigation expenses and costs of the instant suit; and

c. such other or further relief as the Court deems proper.

## JURY DEMAND

85. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

SHARMIN & SHARMIN, P.A.
830 North Federal Highway
Lake Worth, FL 33460
Telephone: 561-655-3925
Fax: 561-202-9041
Direct: 954-667-3096

/s/ Kevin Rajabalee
Kevin Rajabalee, Esq.
FBN: 119948
Email: kevin@sharminlaw.com
Eiman Sharmin, Esq.
FBN: 716391
Email: eiman@sharminlaw.com
*Attorneys for Plaintiff*